## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

TIFFANY A. FOWLER

        PLAINTIFF,

v.                                        CIVIL ACTION NO.:

CASH'S OF MARY ESTHER, INC.

        DEFENDANT.

_____/

## COMPLAINT

Plaintiff, Tiffany A. Fowler, (hereinafter referred to as the "Plaintiff" or "Fowler"), by and through her undersigned attorney, sues the defendant, Cash's of Mary Esther, Inc. (hereinafter referred to as the "Defendant" or "Cash's"), and submits this Complaint which alleges the following:

### *JURISDICTION AND VENUE*

1.    This is an action to remedy discrimination on the basis of disability, and retaliation in the terms, conditions, and privileges of Plaintiff's employment in violation of the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes; Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008 (ADAA); Family Medical Leave Act and Florida's Workers' Compensation Retaliation Law § 440.205, Florida Statutes.

2.      Defendant is considered an employer within the terms and conditions of the FMLA. Defendant employs fifty (50) or more employees within 75 miles of the worksite of Plaintiff.

3.      Plaintiff worked for Defendant from June, 2017, until her involuntary termination on June 9, 2018. Plaintiff is considered an "eligible employee" for purposes of the FMLA as she has been employed: (1) for at least 12 months by Defendant, and (2) for at least 1,250 hours of service with Defendant in the previous 12-month period.

4.      The FMLA does not contain an exhaustion requirement and Plaintiff is not required to exhaust administrative remedies before bringing suit.

5.      Plaintiff further seeks declaratory, injunctive, and equitable relief pursuant to 28 U. S. C. §§ 2201, 2202 and 42 U.S.C. § 2000e-5(g).

6.      Costs and attorney's fees are sought pursuant to 42 U.S.C. §2000e-5(k), Fed. R. Civ. P. 54 and other Florida Statutes as set forth herein.

7.      This action lies in the Northern District of Florida, Pensacola Division, pursuant to 29 U.S.C. § 1391(b), because the action arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practices were committed in this judicial district.

8.      Plaintiff has complied with all conditions precedent to the filing of this suit. Plaintiff's charge of discrimination was dual filed with the Florida

Commission on Human Relations ("FCHR") and United States Equal Employment Opportunity Commission ("EEOC") on November 15, 2018. On May 15, 2019, more than 180 days since the charge was filed, the FCHR had not concluded its investigation or made a determination within 180 days pursuant to Fla. Stat. § 760.11(3). Plaintiff thereafter requested and her 90 day Notice of Right to Sue letter from the EEOC was mailed on July 10, 2019, but not received until on or about July 25, 2019.

## *PARTIES*

9.     Plaintiff is a Caucasian female and a citizen of the State of Florida, Santa Rosa County and who resides in Ft. Walton Beach, Florida.  She was employed by the Defendant approximately from June 1st, 2017 until June 9, 2018.

10.     Defendant, Cash's of Mary Esther, Inc., ("Cash's"), owns and operates a number of establishments throughout northwest Florida to include entertainment lounges and package stores where alcoholic beverages are served and sold. Defendant is located in Fort Walton Beach, Florida. Defendant is an employer within the meaning of the ADA, FMLA and the Florida Civil Rights Act as it employs more than 15 employees.

## *FACTS*

11.     Plaintiff is a 31 year old Caucasian female.

12.     In June of 2017, Defendant hired Plaintiff as a bartender and store

clerk and she worked in Defendant's lounge locations and package stores.

13.    Plaintiff performed her duties and responsibilities in a more than satisfactory manner.

14.    On or about May 28, 2018, Plaintiff was injured during the course and scope of her employment when she was punched in the right eye and then kicked in the head multiple times by a customer.

15.    The punch cut Plaintiff's eye and the subsequent kicks to her head and eye caused her eye to become infected.

16.    As a result of the multiple blows to her head Plaintiff lost conscience and was dazed, confused and disorientated when she finally came to.

17.    Plaintiff was not offered any help or assistance by Defendant, whom refused to even call an ambulance after the attack.

18.    Plaintiff had complained and warned management and the owner several weeks before the incident that the working conditions were unsafe.

19.    Plaintiff's complaints were to no avail.

20.    As a result of Plaintiff's injuries, she suffered a severe eye infection that resulted in a loss of 70% of her vision in her right eye.

21.    Immediately after the incident, Plaintiff was terminated by Mr. Cash Moore for allegedly over pouring drinks that same night.

22.    This allegation was a complete fabrication by Mr. Moore and just an

excuse to terminate Plaintiff after the incident.

23.     Mr. Moore's daughter then allegedly rehired Plaintiff thirty minutes later and she was instructed to return to work on June 3, 2018.

24.     Plaintiff requested addition time off to recover and seek treatment for her injuries, but her requests were denied and she was threatened with termination.

25.     Plaintiff continued to request additional time off to recover from injuries and was denied this reasonable accommodation.

26.     Plaintiff also continued to complain to Defendant that she was in fear of her personal safety at work and that her injuries were caused by a workplace incident which left her partially blind in her right eye.

27.      On June 9, 2018, Plaintiff filed a formal workers compensation claim and was subsequently terminated that same day for no call no show.

28.     Defendant has had knowledge of Plaintiff's disabilities, eye and head injuries, since May 28, 2019, and afterwards, when she informed Defendant that she suffered from an eye infection, head injuries, loss of vision and stress and fatigue.

29.     Both Mr. Moore and Plaintiff's supervisors, were aware of her injuries and disability.

30.     Plaintiff is a qualified individual with a disability:

         (a) she has a physical and/or mental impairment that substantially

limits one or more major life activities:  she suffers from suffers from permeant vision loss, stress and fatigue;

(b) Plaintiff is under doctor's care for treatment of her physical disabilities.

(c)  she has a record of such impairment; and,

(d)  she was regarded by her employer as having impairments.

31.    Plaintiff's disabilities substantially affect the major life activities of sight, concentration and mobility.

32.    Plaintiff had the ability to perform the essential functions of her position with or without a reasonable accommodation at the time of her request for accommodation.

33.    Defendant knew of Plaintiff's medical condition and refused to discuss any type of accommodation, FMLA leave or acknowledge that her injuries and vision loss were related to her working environment.

34.    Defendant acquired more than sufficient knowledge that Plaintiff's absences or inability to work was because of her disability and for an FMLA-qualifying reason.

35.    Defendant's supervisors never notified Plaintiff of her eligibility to take FMLA leave.

36.    Defendant knew or should have known that Plaintiff's medical conditions were or could have been qualified under the FMLA as Plaintiff's

supervisor had knowledge of the Defendant's FMLA policies and procedures.

## FIRST CAUSE OF ACTION
*(FLORIDA'S WORKERS' COMPENSATION RETALIATION § 440.205)*

37.     Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 36 of this complaint with the same force and effect as if set forth herein.

*38.*     Defendant's conduct and commissions constitutes intentional discrimination and unlawful employment practices based upon Workers' Compensation Law. FLA. STAT. § 440.205.

39.     Defendant's acts were with malice and with reckless disregard for Plaintiff's statutorily protected rights.

40.     This is an action to remedy discrimination and retaliation on the basis of Plaintiff's engaging in protective activity of informing Defendant of a work related injury and seeking workers compensation benefits in the terms, conditions, and privileges of his employment with Defendant in violation of the Workers' Compensation Law. FLA. STAT. § 440.205.

41.     Any possible assertion that there was a viable business justification for the Plaintiff's demotion, is entirely *pretextual* for Defendant's retaliation and discrimination against him for engaging in a protective activity.

42.      The adverse personnel action, Plaintiff's termination, clearly violated Plaintiff's right under the Workers' Compensation Law. FLA. STAT. § 440.205

and such action clearly constituted a prohibited employment practice, contrary to the public policy of the State of Florida.

43.     As a result of the Defendant's violations of the Workers' Compensation Law. FLA. STAT. § 440.205, the Plaintiff has been substantially damaged, in that she has lost wages, associated job benefits; and in addition, she has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory demotion that lead to her discharge from Defendant's employment.

44.     As a result of Defendant's wrongful and unlawful retaliatory actions that lead to her discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

## SECOND CAUSE OF ACTION

*(DISABILITY DISCRIMINATION - AMERICANS WITH DISABILITIES ACT, (ADA), 42 U.S.C. §§ 12111-12117, 12203; THE AMERICANS WITH DISABILITIES ACT AMENDMENTS OF 2008 (ADAA))*

45.     Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 36 of this complaint with the same force and effect as if set forth herein.

46.     This is an action to remedy discrimination on the basis of Plaintiff's

disability in the terms, conditions, and privileges of her employment with Defendant in violation of the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

47.    At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

48.    At all times material hereto, Defendant was an employer within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, as the Defendant employed more than 15 employees.

49.    Any possible assertion that there was a viable business justification for the Plaintiff's termination is entirely *pretextual* for Defendant's retaliation and discrimination against him for engaging in a protective activity and for any actual or perceived disability.

50.    The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, and such action clearly constituted a prohibited employment practice, contrary to the public policy of the ADAA.

51.     As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that she has lost wages, associated job benefits; and in addition, she has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory demotion that lead to her discharge from Defendant's employment.

52.     As a result of the Defendant's wrongful and unlawful retaliatory actions that lead to her discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

53.     Plaintiff has retained the undersigned attorney to assist her, in the prosecution of this action, and she is obligated to pay said attorney a reasonable fee for his professional services.

54.     Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

## THIRD CAUSE OF ACTION
*(DISABILITY RETALIATION - AMERICANS WITH DISABILITIES ACT, (ADA), 42 U.S.C. §§ 12111-12117, 12203; THE AMERICANS WITH DISABILITIES ACT AMENDMENTS OF 2008 (ADAA))*

55.   Plaintiff repeats and re-alleges each and every allegation contained in

paragraph 1 through 36 of this complaint with the same force and effect as if set forth herein.

56.   This is an action to remedy discrimination on the basis of Plaintiff's disability in the terms, conditions, and privileges of her employment with Defendant in violation of the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

57.   At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

58.   At all times material hereto, Defendant was an employer within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, as the Defendant employed more than 15 employees.

59.   Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's retaliation and discrimination against her for engaging in a protective activity and for any actual or perceived disability.

60.   The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under the Americans with Disabilities

Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, and such action clearly constituted a prohibited employment practice, contrary to the public policy of the ADAA.

61.    As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that she has lost wages, associated job benefits; and in addition, she has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory actions that lead to her discharge from Defendant's employment.

62.    As a result of Defendant's wrongful and unlawful retaliatory actions that lead to her discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

63.    Plaintiff has retained the undersigned attorney to assist her, in the prosecution of this action, and she is obligated to pay said attorney a reasonable fee for his professional services.

64.    Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

## FOURTH CAUSE OF ACTION
### (DISABILITY DISCRIMINATION - FLORIDA CIVIL RIGHTS ACT OF 1992, AS AMENDED, CHAPTER 760 ET SEQ., FLORIDA STATUTES)

65.     Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 36 of this complaint with the same force and effect as if set forth herein.

66.     Defendant discriminated against Plaintiff on the basis of her disability in the terms, conditions, and privileges of Plaintiff's denied employment in violation of the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

67.     At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

68.     At all times material hereto, Defendant was an employer within the meaning of Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes, as the Defendant employed more than 15 employees.

69.     Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's retaliation and discrimination against him for engaging in a protective activity and for any actual or perceived disability.

70.    The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

71.    As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that she has lost wages, associated job benefits; and in addition, she has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and discriminatory termination that lead to his discharge from Defendant's employment.

72.    As a result of Defendant's wrongful and unlawful discrimination  that lead to her discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

73.    Plaintiff has retained the undersigned attorney to assist her, in the prosecution of this action, and she is obligated to pay said attorney a reasonable fee for his professional services.

74.    Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

## FIFTH CAUSE OF ACTION
*(DISABILITY RETALIATION - FLORIDA CIVIL RIGHTS ACT OF 1992, AS AMENDED,
CHAPTER 760 ET SEQ., FLORIDA STATUTES)*

75.    Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 36 of this complaint with the same force and effect as if set forth herein.

76.    This is an action to remedy retaliation by the Defendant in violation of the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

77.    At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

78.    At all times material hereto, Defendant was an employer within the meaning of Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes, as the Defendant employed more than 15 employees.

79.    Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's retaliation against her for engaging in a protective activity and for any actual or perceived disability.

80.    The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under the Florida Civil Rights Act of

1992, as amended, Chapter 760 et seq., Florida Statutes, and such action clearly constituted a prohibited employment practice, contrary to the public policy of the ADAA.

81.    As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that she has lost wages, associated job benefits; and in addition, she has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory demotion that lead to her discharge from Defendant's employment.

82.    As a result of Defendant's wrongful and unlawful  retaliatory actions that lead to her discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

83.    Plaintiff has retained the undersigned attorney to assist her, in the prosecution of this action, and she is obligated to pay said attorney a reasonable fee for his professional services.

84.    Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

## SIXTH CAUSE OF ACTION

*(FMLA INTERFERENCE - FAMILY AND MEDICAL LEAVE ACT OF 1993 (FMLA), 29 U.S.C §§ 2601 ET SEQ.)*

85.   Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 36 of this complaint with the same force and effect as if set forth herein.

86.   Defendant knew of Plaintiff's medical condition and refused to discuss any type of accommodation, FMLA leave or acknowledge that her migraines and respiratory condition were related to her working environment.

87.   Defendant had more than sufficient knowledge that Plaintiff's absences were for an FMLA-qualifying reason.

88.    Mr. Moore and Defendant's supervisors, ever notified Plaintiff of her eligibility to take FMLA leave.

89.   Defendant knew or should have known that Plaintiff's medical conditions were or could have been qualified under the FMLA as she had extensive personal knowledge of the FMLA and the Defendant's FMLA policies and procedures.

90.   Defendant unlawfully interfered with Plaintiff's rights under the Family and Medical Leave Act when it acquired sufficient knowledge that Plaintiff's leave was for an FMLA-qualifying reason.

91.    Defendant knew or should have known of Plaintiff's eligibility to take FMLA and refused, international or otherwise, to notify Plaintiff of his FMLA leave rights within five business days.

92.    FMLA requires an employer to give an employee whose leave may be covered by FMLA written notice detailing the specific expectations and obligations of the employee and explaining any consequences of a failure to meet these obligations.

93.    Defendant refused to notify Plaintiff of her FMLA rights and it's refusal was with malice and with reckless disregard for Plaintiff's federally protected rights.

*94.*    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

95.    Plaintiff has retained the undersigned attorney to assist her, in the prosecution of this action, and she is obligated to pay said attorney a reasonable fee for his professional services.

*96.*    Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to the FMLA.

## SIXTH CAUSE OF ACTION
*(VIOLATION OF THE FLORIDA PRIVATE SECTOR WHISTLE-BLOWER'S ACT*
*Fla. Stat. Sections 448.101—448.105)*

97. Plaintiff restates and re-avers the allegations contained within Paragraphs 1-36 of the Complaint, as if fully set forth herein.

98. This is an action for a violation of the Florida Private Sector Whistle-blower Act, *Fla. Stat. Sections* 448.101—448.105.

*Florida Statute* § 448.102 provides in pertinent part, as follows:

> Prohibitions. – An employer may not take any retaliatory personnel action against an employee because the employee has:
>
> * * *
>
> Provided information to, or testified before, any appropriate governmental agency, person, or entity conducting an investigation, hearing, or inquiry into an alleged violation of a law, rule, or regulation by the employer.
>
> Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation.

99. At all material times herein, Plaintiff was an employee of the Defendant; Cash's, within the meaning of *Florida Statute Section* 448.101(3).

100. At all material times herein, Defendant, Cash's, was an employer, within the meaning of *Florida Statute Section* 448.101(3).

101. Most recently, Plaintiff was employed as a bartender/store-clerk for the Defendant, and she was qualified for the positions which she held with the Defendant, and while serving in this position.

102.   A few weeks prior to Plaintiff being attacked, Plaintiff reported to Defendant that the work environment was unsafe and that she feared for her safety.

103.   Plaintiff's request for additional safety or security at night was denied and her objections to continuing to work in an unsafe environment were ignored.

104.   Despite the objections of the Plaintiff, and certainly, these objections were based upon the reasonable and good faith beliefs of the Plaintiff, that the applicable federal (OSHA) regulations had been violated, no action was undertaken by Defendant, to cure or remedy the conditions or violations

105.   There was no substantive or reasonable business justification for the termination of Plaintiff's employment; she had not been previously warned of a deficient job performance.

106.   Plaintiff reported and objected, according to a reasonable and *bona fide* good faith belief, to the activities, policies and or practices of the Defendant, which violated pertinent regulatory laws, rules and regulations, namely OSHA.

107.   Plaintiff's discharge was in close proximity to the aforementioned legal objections, in that Plaintiff was ultimately terminated on June 9, 2018.

108.   There was no legitimate business reason, or business justification, for implementing the termination of the Plaintiff from her employment with the Defendant; and Plaintiff's objections to the Defendant's legal violations were consistently and reasonably made, in good faith.

109.   The adverse personnel action, the termination of Plaintiff from her employment, as described and set forth above, clearly violated *Florida Statute Section* 448.102(3); and such action clearly constituted a prohibited employment practice, contrary to the public policy of the State of Florida.

110.   As a result of the Defendant's violations of the Florida Private Sector Whistleblower Act, the Plaintiff has been substantially damaged, in that she has lost wages, associated job benefits; and in addition, she has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory discharge from employment.

111.   As a result of being wrongfully and unlawfully discharged from her employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

112.   Plaintiff has retained the undersigned attorney to assist her, in the prosecution of this action, and she is obligated to pay said attorney a reasonable fee for his professional services.

113.   Plaintiff is entitled to recovery of reasonable attorney's fees and costs, pursuant to §448.104, *Florida Statutes*.

## *PRAYER FOR RELIEF*

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

a.      Declaring the acts and practices complained of herein are violation of the ADA, Florida Civil Rights Act (FCRA), Florida Private Sector Whistleblower Act, Family Medical Leave Act (FMLA), and Florida's Worker's Compensation Retaliation § 440.205, Florida Statue.

b.      Enjoining and permanently restraining those violations of the ADA, Florida Civil Rights Act (FCRA), Florida Private Sector Whistleblower Act, FMLA, and the Florida's Worker's Compensation Retaliation § 440.205 Florida Statue.

c.      Directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

d.      Directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her and make her whole for all earnings she would have received but for Defendant's discriminatory treatment, including but not limited to, wages (past and future), pension, and other lost benefits.

i.      Awarding Plaintiff Front Pay in lieu of reinstatement;

ii.      Awarding Plaintiff compensatory damages;

iii.     Awarding Plaintiff liquidated damages;

iv.      Awarding Plaintiff the costs of this action together with a reasonable attorney's fees; and,

e.      Granting such other and further relief as the Court deems just and proper in the premises.

<u>*DEMAND FOR JURY TRIAL*</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

Dated: October 7, 2019.      By: *<u>/s/ Clayton M. Connors</u>*
CLAYTON M. CONNORS
Florida Bar No.: 0095553
Email: cmc@westconlaw.com
R. JOHN WESTBERRY
Florida Bar No.: 244661
Email: rjw@westconlaw.com
**WESTBERRY & CONNORS, LLC.**
4400 Bayou Blvd., Suite 32A
Pensacola, Florida 32503
Tel:  (850) 473-0401
Fax: (850) 473-1388
Attorney for the Plaintiff